Good morning everyone. I'm going to call the cases just as they appear on the calendar and our first case up for argument is United States of America v. Harshman. Good morning your honors. John Ballas on behalf of Floyd Harshman. I'm intending to reserve two minutes for rebuttal. Mr. Harshman's sole claim on appeal is that the district court erred in denying his motion to withdraw his guilty plea. The standard has been described in this court as a generous one to be applied liberally. It's whether the defendant has shown any fair and just reason to withdraw his plea. The court has provided a list of various reasons that could justify withdrawal of a plea. In this case Mr. Harshman has raised several individually in combination that he was given erroneous legal advice from his attorney. That his plea was not knowing and voluntarily entered as a result of the legal advice as well as the jail conditions and inadequate medical care and lack of access. Do you have any complaints at all about the colloquy that he engaged with the judge when he entered his plea? I did not raise any flaws in the colloquy. I thought it was actually fairly well done. Didn't the judge ask some pretty specific questions about whether there was any reason that was generally speaking that would prevent him from entering his plea? That's correct. Mr. Harshman explained he filed his motion to withdraw his guilty plea two months after the plea that he did not realize that his attorney had given him bad advice until after the time he pled guilty and didn't realize he had an option to withdraw his guilty plea until the court had actually kind of mentioned it later. Shouldn't the claim of ineffective assistance of counsel in connection with the plea agreement simply be raised in a 2255? A straight ineffective assistance of counsel claim is generally considered more appropriate to be raised in a 2255 action, but this court has said several times that an erroneous legal advice can be raised on direct appeal as a fair and just reason for moving to withdraw the plea. Is it clear on this record that he was given erroneous legal advice? With respect, I take it the claim is that he says my civil rights were restored and therefore one of the counts should have been dismissed. That's the erroneous legal advice he claims? Not exactly. Not that one of the counts should have been dismissed because that would have gone to the felon in possession of a firearm count that he did not plead guilty to. But the argument is that the advice he was given was that he could have been subject to a 15 year mandatory minimum under the Armed Criminal Act. So my question is, I've looked at this record, it's not clear to me that he was given erroneous legal advice. I mean, he makes a suggestion that he was given erroneous legal advice, but don't we need more to find that? And isn't that why a 2255 would be the appropriate vehicle? You're right that on the record as it stands, the only thing we have is a sworn declaration from Mr. Harshman. I say my rights were restored under state law. Not so clear to me looking at that state law that his rights would have been restored under it. You're asking us to find on appeal that he got erroneous legal advice because he says the law is a certain way without any factual predicates for us finding whether it applies to him or not. Yes, and it is somewhat of a sparse record because the court never asked the trial attorney to respond and never held an evidentiary hearing. But the other claim of why the legal advice was erroneous was that his prior convictions did not qualify as crimes of violence and then he raises kind of an ex post facto argument on that. But it is clear that I think after the after the sentencing and actually after I filed my opening brief that under the Supreme Court's decision under U.S. v. Johnson... Sure, but should defense counsel have known that at the time? We were affirming convictions right and left before Johnson. I think that at the time it was much more unclear and the court is right that this court had found that a first degree burglary conviction under Oregon law in Meyer did count as a crime of violence. But when I think at this stage when the court is concerning whether or not there's a fair and just reason to permit him to withdraw the guilty plate and he is claiming that he was told that he was subject to a 15 year minimum on the felon in possession plus a five year minimum on a 9-24-6... I don't think he says I was told flat out I would get those if I was convicted but rather those were possibilities. Well I think he alleged pretty strongly that he alleges a lot of things and a lot of very different things but I think he does allege that his attorney told him that there was a likelihood that he would have received a 15 year 20 year sentence and as a result he pled to a 10 year sentence. But right now it's clear that he would not have been subject to a 20 year sentence because the Armed Career Criminal Act doesn't apply and my argument would be that the court could consider that the Johnson case at this stage even under Griffith versus Kentucky usually a new decision of constitutional law is applied to all cases that are not yet final on appeal and it seems to me that the same principle that that case should also be applied as well. Well so the appeal waiver is the second issue and the government is claiming that the appeal should be dismissed because of the waiver we raise the same arguments that he was given erroneous legal advice that the plea was not knowing and voluntarily entered and then also a third argument that the government violated the terms of the plea agreement because they have not advocated for the return of his $1,950 in cash. Is that the breach if assuming it's a breach is it material enough to invalidate the entire plea right waiver or with the remedy being an order for specific performance? Well Mr. Harshman requests that he be allowed to withdraw his guilty plea and our request would be that in these circumstances that he be allowed to withdraw the guilty plea if the court finds that the government breaks the plea agreement. Was the government required to perform after Mr. Harshman tried to withdraw the plea? In other words it's sort of a strange thing here if you do get to withdraw the plea you don't get the money you don't get the government's suggestion about returning the money in any event and it's certainly not a time sensitive performance I assume that if we don't grant you relief here and hold that the plea remains the government will be obligated to perform that portion of the agreement. But was it obligated to perform it while you were still attacking the agreement? Our position is that the agreement went into effect at the time the court accepted the plea agreement and imposed the sentence in the plea agreement. The government's motion to dismiss which was denied without prejudice prior in their motion to dismiss they said that they would return the money after. They asked the state to return the money. What's that? They asked the state to return the money. They would ask the state to return the money not even after the appeal is dismissed but after the 2255 proceedings are completed or the time is expired. I reserve my remaining time. Okay you can save the balance for rebuttal. Thank you. We'll hear from the government. Good morning may it please the court I'm Stephen Cooper for the United States. First of all I'd like to apologize for an error that counsel pointed out graciously the other day. Actually quite a while ago when he filed his reply brief that I had stated on page 41 of our brief that he had not requested a hearing on his motion to withdraw a plea and I found it after he showed me where it was. It's an alternative request to either hold a hearing or to request a responding affidavit from the former attorney. I don't think that changes anything but I apologize for that error. I believe that this case is really directly in the pattern of Rahman and somewhat also Geronimo and that is Rahman was a good example because it was a motion to withdraw a plea in which the defendant claimed that the entry of the plea was invalidated by some erroneous legal advice that misled and misguided him. Those were his words but he didn't specify how he was misled and misguided or what erroneous advice he got and so they said well there's no evidence in the record sufficient for us to make a finding that the plea was invalidated by any erroneous advice so we have to uphold the appellate waiver. It's the same thing here although the difference being that Mr. Harshman did explain what he thought was wrong with the advice but his reasons were all legally erroneous. Actually he had, to the best I was able to count it, he had about seven different grounds of legal advice and these were spelled out in docket 234 which the district court cited and adopted when it made its final denial of the motion to withdraw the plea. Could we find on this record or could the district court find on this record that the advice wasn't erroneous or simply that Mr. Harshman hadn't established that it was erroneous? I think that on the face of it, it's erroneous. It did take, the court pointed out one example a minute ago of the erroneous claim that his civil rights had been restored under Oregon law. One would have to consult Oregon law to find that out but the problem with his contentions are that that one and two others of them relate to a count that was not even pled to. It was agreed to be dismissed and was dismissed. Well but it does relate to the ACCA part of the case. It relates to the ACCA but it was eliminated as a factor. He didn't plead to that. No I understand but I take it his argument is some of the benefits of this agreement were eliminating things that should have been eliminated without me having to plead to, without making a deal. So the fact that they were eliminated doesn't mean that they're not relevant. But they would be kind of irrelevant when he's saying that the erroneous legal advice induced him to enter the plea because all he's really saying is that the erroneous legal advice showed that the count that we were bargaining he had dismissed should have been dismissed anyway. So I shouldn't have given up anything in return is what he's saying. But his essential points and actually the first, one of the first and primary points was what he called preponderance of the evidence rule. The relevant conduct rule under the guidelines. He was saying well look I didn't have anything to do with that outdoor grow up on the hill 17 miles out of town which is where he was found at the time they seized the grove. Anyway he said I had nothing to do with that but I'd be willing to plead to the one in the house on Central Avenue downtown that also had over 100 plants in it. But I don't think I should plead to the things I didn't do. And so that was his principal point and his attorney said according to the advice he said he got well if you are guilty of the grove downtown of 100 plants and there's a probability that you're going to be found to be connected with the outdoor grow up on the hill it's going to be added as relevant conduct and they only have to establish that by preponderance of the evidence. And he said I found out later that my attorney was lying to me when she told me that because I looked up the law and I find that you have to, there's a Supreme Court case that says that all these things have to be presented to the jury and proved beyond a reasonable doubt. So there's no way I could be held responsible for any other grows if I plead to the one on a relevant conduct theory based on a preponderance of the evidence. He said I found out that was wrong so my attorney lied to me. Now anyone who's versed in criminal law would know that that's clearly a big mistake on his part. The relevant conduct provision of the guidelines is not involved in the principle that a jury must make findings beyond a reasonable doubt in order to up the maximum that's a whole different line of law. But he put the two together and thought that he'd been lied to. That's the primary example of where his, where he falls down on his claim that he was given erroneous legal advice. We can do that with every other one. He said I was, I was told I was exposed to a possible life sentence. Well he had two counts that he was looking at that carried a possible life sentence. And one as the court indicates was the one of the 924E that he was arguing was defective anyway. But the other one was the one he did plead to which was 924C carried a minimum life of five and a maximum life. He also claimed that the government was required at a bail hearing to bear the burden of proof that he would be a flight risk or a danger to the community. And my attorney says totally fell down on the job and told me that we couldn't do anything about this when he's overlooking the fact that under 18 U.S.C. 3142 the burden is on the defendant when it's a case involving a drug crime that carries a maximum that is greater than 10 years. So he's got his legal authorities all mixed up and then he throws these out at his attorney as proof that she has given him erroneous legal advice. The final one he used was my attorney was in an inherent conflict of interest because she's employed by the federal government. Well that would invalidate all convictions that are ever defended by the federal public defender and is plainly erroneous on its face. So that's the character and quality of the objections to the legal advice that he got. They're all pretextual, they're after the fact, they're made up on his theory of the law and they're just plain wrong. And the district court was correct when it made the finding on that that all the advice that he was given was accurate in every material respect. There hasn't been pointed out any single defect in it. The other prong that he had to his claim for grounds for withdrawal was that he was coerced. Well he also leveled that accusation against the district judge. He said the district judge coerced me. I considered it veiled threats when the district judge told me of the potential maximums that I could face. And that's the same reasoning he used when he applied the term coercion to what his attorney had done. He said, and this is principally in his affidavit in support of the formal motion to withdraw a plea that his counsel filed after he wrote that long letter. But in that affidavit he said, my attorney told me these various things that were erroneous and told me that if I didn't take the deal that the maximums would be considerably higher. I found out she was wrong. She was lying to me. And the way she put that to me, that's what I consider coercion. I think that's the last line of his affidavit. So he's defined what he thinks the coercion actually is. And it was nothing more than telling him what his exposure was under the law, whether that came from his attorney or from the court. He called it coercion in both instances. I believe that does place it squarely within the Rahman case because the absence of any basis for the court finding support for the allegation of erroneous legal advice prevents the court from finding thereby that there was a linkage between that and his decision to enter the plea. If I'm not mistaken, nonetheless, in Rahman, the court left open still the possibility of a 2255. That's correct, exactly. He didn't foreclose it. Correct. That's true. And it would depend, of course, on what he says in the 2255. But there's good authority that if that affects the validity of the plea, then that's something that can be raised.  Thank you very much. Thank you. You had some time left for rebuttal. Thank you. I just really want to raise one point that I think that this case is less like Rahman, where the defendant had given no specifics of how the attorney gave bad advice or misinformation. Where in this case, Mr. Harshman gave a number of specific points, a few of the major ones I've raised in my brief. And more like Davis, where the attorney was found to have grossly mischaracterized the punishment range as being from probation to eight years and misleading Mr. Davis that he could have gotten probation when it was very, very unlikely. In that case, the court reversed. There wasn't evidentiary hearing in the district court, but the court reversed and found that he had established sufficiently a prejudice that it was plausible that a person that may have affected the decision to plead guilty. Thank you. Thank you, counsel. We appreciate your arguments this morning. Yeah, very pleasant arguments. Thank you both for your calm approach and very learned approach. Very helpful. Thank you. Thank you.
judges: Fisher, Paez, Hurwitz